[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The facts are not in dispute as both parties agree that William Rodriguez assisted a third party in entering the plaintiffs closed premises in a non-permitted truck and dumped material in violation of CT Page 9633 state regulations. He admitted that he "dumped unidentified material, escorted a truck onto the property and breached rules and procedures designed to safeguard the public and the facility." (Arbitration Award, p. 3). Moreover, he also indicated he had been involved in previous episodes.
The State of Connecticut has a comprehensive scheme for solid waste management; see General Statutes § 22a-207, et seq. Mr. Rodriguez's actions evidently violated these policies. Moreover, his actions deprived his employer of revenue by assisting a third person in the unlawful dumping.
The case of Groton v. United Steelworkers of America, 254 Conn. 35, 48
(2000) is instructive: "The public policy against embezzlement encompasses the policy that an employer should not be compelled to reinstate an employee who has been convicted of embezzling the employer's funds irrespective of whether the conviction followed a trial, a guilty plea or a nolo contendere plea." Id. 48. Mr. Rodriguez's actions place him in the same position and the plaintiff should not be forced to reinstate its employee. As the award requires reinstatement, it violates public policy and is therefore vacated. See, City of Hartford v. InternationalAssn'n of Firefighters, Local 760, 49 Conn. App. 805, 813 (1998).
Berger, J.